FLORENCE T. NAKAKUNI        2286
United States Attorney
District of Hawaii

JONATHAN LOO
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 440-9217
Facsimile: (808) 541-2958
Jonathan.Loo@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 18 2012

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 12-01427 BMK |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT |
| | ) | |
| vs. | ) | |
| | ) | |
| Alan L. MAPUATULI | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about December 17, 2012, in the District of Hawaii, the defendant Alan L. MAPUATULI did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

I further state that I am a Special Agent of Homeland Security Investigations and that this Complaint is based upon the facts set forth in the attached "Affidavit in Support of Criminal Complaint", which is incorporated herein by reference.

DATED:   HONOLULU, HAWAII: December 18, 2012.

Ryan K. Faulkner
Special Agent, HSI

Sworn to and subscribed in my presence, this
18 day of December, 2012:

BARRY M. KURREN
UNITED STATES MAGISTRATE JUDGE

## AFFIDAVIT OF RYAN K. FAULKNER

Ryan K. Faulkner, after being duly sworn, deposes and says as follows:

1.   I am currently employed as a Special Agent of U.S. Immigration and Customs Enforcement, Homeland Security Investigations (hereinafter HSI).  Additionally, I was formerly employed as a Police Officer with the Honolulu Police Department (hereinafter HPD).  The duration of my employment with the HPD lasted from October 1997 through February 2007.  As part of my employment with the HPD, I have received approximately six months of comprehensive training in general matters pertaining to law enforcement in the State of Hawaii.

2.   As a part of my employment with the HPD, I held various investigative assignments with the Crime Reduction Unit, Criminal Investigations Division, and Criminal Intelligence Unit.  As part of these assignments, I obtained specific training in the recognition of various types of narcotics, and the various methods of narcotics distribution as well as different methods used to smuggle narcotics and related proceeds of narcotics trafficking without detection.

3.   I am currently employed as a Special Agent with HSI, and have been so employed for approximately six (6) years.  As part of my employment with HSI, I attended approximately five and a half months of comprehensive law enforcement and investigative training at the Federal Law Enforcement Training Center (hereinafter FLETC).  The training successfully completed at the FLETC included, but was not

limited to, general investigative techniques, criminal law, immigration law, handling of evidence, narcotics detection and identification, trends in smuggling of contraband, among other topics.

4.    As a HSI Special Agent, one of my duties and responsibilities includes but is not limited to the investigation of possible criminal violations of narcotics trafficking (Title 21, United States Code, Section 841 et. seq.), the Money Laundering Control Act (Title 18, United States Code, Section 1956 et. seq.) and the Bank Secrecy Act (Title 31, United States Code Section 5324 et. seq.). As a former Officer with the HPD and current Special Agent, I have conducted and assisted in more than two hundred (200) investigations involving narcotics trafficking and financial crimes specified above.

5.    On December 17, 2012, HPD officers observed a black colored Ford Focus vehicle, bearing Hawaii license number RVA-932, as it was traveling westbound on the H-1 Freeway.  The vehicle, which appeared to be occupied by only the driver, exited at the School Street off ramp, and was observed to cross over three lanes of traffic on School Street, causing other vehicles to apply their brakes abruptly.  The vehicle then made a right turn onto Stillman Lane.

6.    As a result of the erratic maneuver and unsafe lane change of this vehicle, an HPD officer activated his blue lights in an effort to stop this vehicle for the aforementioned traffic violation, Unsafe Lane Change, pursuant to Section 291C-49(1) of the Hawaii Revised Statutes.  The vehicle

came to a stop without incident in front of 1651 Stillman Lane.

7.  HPD officers approached the vehicle.  An HPD officer initiated contact with the driver who was the lone occupant of the vehicle.  The male identified himself to officers as Alan MAPUATULI (hereinafter "MAPUATULI") verbally, and stated that he did not have any form of photo identification.  Based on the information provided by MAPUATULI, officers conducted a State of California and State of Hawaii Driver's license check through HPD dispatch.  HPD dispatch informed the officers that MAPUATULI did not have a State of Hawaii driver's license, and that his State of California driver's license had expired in 2004.

8.  Additional records checks of the aforementioned vehicle bearing Hawaii license number RVA-932 revealed that the vehicle was reported as an "overdue rental" by Hertz Corporation on December 17, 2012.  This report was initiated under HPD report number 12-456646.  (Note: This type of police report is typically filed when the duration of a rental contract has lapsed, and no contact can be established with the individual on the rental contract).

9.  Based on the aforementioned facts and circumstances, officers placed MAPUATULI under arrest for Driving Without a Valid License, pursuant to Section 286-102 of the Hawaii Revised Statutes.  This arrest was effected without incident.  He was also issued a traffic citation for the unsafe lane change.  Based on the status of the rental

vehicle, officers informed MAPUATULI that the vehicle
needed to be returned to the Hertz Corporation.  An HPD
officer Nihei asked MAPUATULI if any of the items in the
vehicle belonged to him.  MAPUATULI replied by stating that
the box of chicken and two (2) cellular telephones were the
only things that belonged to him, that he borrowed the
vehicle from a friend, and that he does not know anything
else about the bags in the vehicle.  An HPD officer
retrieved a black colored Adidas brand bag from the trunk
area, held it up to MAPUATULI, and asked him whether this
specific bag belonged to him, to which he replied "no".
The officer retrieved a dark colored "Coach" brand zippered
pouch from the same area and asked MAPUATULI if that item
belonged to him, to which he replied "no".  The HPD officer
asked MAPUATULI if the other plastic bags within the
vehicle also belonged to him.  MAPUATULI repeated that
nothing in the car belonged to him, and the officer
informed him that they were going to check the bags for any
items that may establish rightful ownership, since the bags
were abandoned by MAPUATULI.  This affirmative abandonment
was also witnessed by another HPD officer.

10.   HPD officers transported MAPUATULI to the Kalihi Police
      Station in a marked police vehicle.  The abandoned bags
      were placed in the trunk of the marked police vehicle.  At
      the Kalihi Police Station, I met with the HPD officers, who
      informed me of the facts and circumstances of the traffic
      stop and subsequent abandonment of items within the
      vehicle.  I then proceeded to open the black colored Adidas
      brand bag, which contained miscellaneous clothing items, a
      loaded Kimber, .45 caliber pistol, approximately 170 grams

of a white crystalline substance that, based on my training and experience, resembles crystal methamphetamine, and approximately $15,975 in United States currency. A field test conducted on the suspected crystal methamphetamine yielded a presumptive positive result for the presence of methamphetamine.

11. I then opened the "Coach" brand zippered pouch. Within this pouch, I observed approximately 476 grams of a white crystalline substance that, based on my training and experience, resembles crystal methamphetamine. A field test conducted on the suspected crystal methamphetamine also yielded a presumptive positive result for the presence of methamphetamine.

12. A search of MAPUATULI's person subsequent to his arrest by HPD yielded approximately $1,515 in United States currency. While at the Kalihi Police Station, I informed MAPUATULI that he was being placed under arrest for Possession With Intent to Distribute Methamphetamine.

13.   Methamphetamine is a Schedule II controlled substance.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ryan K. Faulkner
Special Agent, HSI


This Criminal Complaint and Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendants above-named committed the charged crime were found to exist by the undersigned Judicial Officer at _11:30_ p.m. on December _18_, 2012.


Subscribed and Sworn to Before Me, this _18_ Day of December 2012.

_____
BARRY M. KURREN
UNITED STATES MAGISTRATE JUDGE