IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ALAN L. MAPUATULI,<br><br>Defendant. | Case No. 12-cr-01301-DKW-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately 98 months into his 300-month sentence, Defendant Alan Mapuatuli asks the Court to reduce his sentence to time served because he is suffering from serious medical conditions, including end-stage renal disease, COVID-19, and a recent, debilitating stroke, from which he is not expected to recover.  The Court finds that Mapuatuli's medical conditions collectively present an extraordinary and compelling reason warranting the reduction he seeks.  Moreover, given his deteriorating health, the Court finds the goals of sentencing would not be undermined by releasing him at this time.  The motion, Dkt. No. 374, is GRANTED.

### RELEVANT BACKGROUND

On January 30, 2015, a jury found Mapuatuli guilty of methamphetamine distribution-related offenses, including possession of a firearm in furtherance of a drug trafficking crime.  Dkt. No. 356 at 1–2.  On June 2, 2015, with drug felony

convictions in his past, the Court sentenced Mapuatuli to life, Dkt. No. 292; *see also* Dkt. Nos. 294, 297, later amending it to 300-months' imprisonment followed by ten years of supervised release. Dkt. Nos. 358, 359.

On January 8, 2021, Mapuatuli filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion"). Dkt. No. 374. Mapuatuli argues that his deteriorating health, which includes left-side paralysis as a result of a recent stroke, end stage renal failure for which he is on dialysis, COVID-19, and pneumonia, together present an extraordinary and compelling reason warranting release. *Id.* at 5–7. The Government filed a statement of no opposition on February 6, 2021, agreeing that Mapuatuli's failing health presents an extraordinary and compelling reason warranting release. Dkt. No. 382.

In addition to his compassionate release motion, Mapuatuli has an appeal concerning his sentence pending in the Ninth Circuit Court of Appeals ("the Circuit").[1] That pending appeal means the Court does not have jurisdiction to grant the relief Mapuatuli seeks—at least, not until this morning. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of

---

[1] *See United States v. Mapuatuli*, Criminal No. 12-CR-01301-DKW-1 (D. Haw. July 5, 2019), *appeal docketed*, No. 19-10233 (9th Cir. July 12, 2019).

appeals and divests the district court of its control over those aspects of the case involved in the appeal."). At Mapuatuli's request, Dkt. No. 383, on February 8, 2021, the Court issued an indicative ruling, stating that, if the Circuit remanded the case, it would grant Mapuatuli's motion for compassionate release. Dkt. No. 385; *see also* Fed. R. Crim. P. 37 (granting district courts authority to issue such rulings). On February 9, 2021, earlier today, the Circuit remanded the case "so the district court may consider Mapuatuli's compassionate release motion." Dkt. No. 388. Thus, the motion is now properly before this Court.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1. the inmate exhausted "all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2. the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3. the court considers the sentencing factors set forth in 18 U.S.C. § 3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement). The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance. *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

Both Mapuatuli and the Government assert that a sentence reduction to time served is appropriate in this case. *See* Dkt. Nos. 374, 382. The Court agrees. For the reasons set forth below, Mapuatuli's motion for compassionate release is GRANTED.

**I.    Exhaustion**

Exhaustion is not contested. However, the Court must still find this element is met. *See, e.g.*, *United States v. Kazanowski*, Criminal No. 13-CR-000459-DKW-1, 2020 WL 3578310, at *4 n.11 (D. Haw. July 1, 2020) (explaining

exhaustion is "mandatory"). On July 27, 2020, the warden at Mapuatuli's facility denied his request for compassionate release. Dkt. No. 382-1. Thirty days have clearly passed since that decision and, to the extent Mapuatuli appealed the warden's decision, no further action by the BOP is evident in the record. The Court thus accepts the parties' representation that Mapuatuli has exhausted administrative remedies. Dkt. No. 374 at 6.

## II. Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" (the "Commission"). As this Court has explained, it is bound by the Commission's Commentary in U.S.S.G. § 1B1.13 regarding what constitutes an "extraordinary and compelling" reason warranting a sentence reduction. *See, e.g.*, *United States v. Aruda*, No. 14-CR-00577-DKW, 2020 WL 4043496, *2–*5 (D. Haw. July 17, 2020).[2]

Relevant to Mapuatuli's motion, the Commission explains that the following extraordinary and compelling reasons may warrant a sentence reduction:

(A) Medical Condition of the Defendant.—
    (i)   . . . .
    (ii)   The defendant is—

---

[2]The Court notes Mapuatuli's disagreement, but nothing he argues or cites compels a different result. *See* Dkt. No. 374 at 11–12 n.7.

5

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 n.1(A), (C).

The Court finds Mapuatuli's medical conditions, in particular his left-side paralysis as a result of a recent stroke, end stage renal disease, and bout of COVID-19 and related complications, meet these criteria and present an extraordinary and compelling reason warranting a sentence reduction.

## II. Applying the Policy Statement

The portion of the policy statement relevant to Mapuatuli's medical conditions requires him to prove three elements by a preponderance:

1. He is "suffering from a serious physical or medical condition";

2. That condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility"; and

3. He is "not expected to recover" from the underlying condition.

*See* U.S.S.G. § 1B1.13 n.1(A)(ii)(I). Mapuatuli has met his burden.

Mapuatuli's current medical state—described in the briefs by both Mapuatuli and the Government and reflected in his medical records—is dire and

6

deteriorating.  Mapuatuli suffers from end stage renal disease, requiring regular dialysis treatments.  Dkt. No. 374 at 5; Dkt. No. 382 at 3; Dkt. No. 389-1 at 79  His renal disease, as well as other medical conditions, "were exacerbated when he contracted COVID-19 in December 2020."  Dkt. No. 382 at 3.  Mapuatuli represented at that time that he was "having a rough time dealing with the virus."  Dkt. No. 374 at 6.  The record supports this: a January 8, 2021 medical record states he was being treated for "Covid pneumonitis" or COVID-19 pneumonia.  Dkt. No. 389-1 at 67.  In fact, he was hospitalized for nearly two weeks as he fought the virus.  *Id.*  As if these ailments were not enough, Mapuatuli suffered a hemorrhagic stroke around the same time.  Dkt. No. 389-1 at 95.  That stroke has left Mapuatuli "unable to move the left side of his body."  Dkt. No. 389-1 at 92.  The Court finds this combination of medical conditions—in addition to a host of others[3]—which have a debilitating effect on Mapuatuli's physical health constitute a "serious physical or medical condition."[4]  *See* U.S.S.G. § 1B1.13 n.1(A)(ii)(I).

---

[3]In addition to the conditions discussed *infra*, a January 8, 2021 medical record shows Mapuatuli suffers from: diabetic retinopathy, type 2 diabetes, hyperlipidemia, hypertension (for which he is on *five* medications), anemia, chronic viral hepatitis, hemiplegia following cerebrovascular disease, secondary hyperparathyroidism, and sleep apnea.  Dkt. No. 389-1 at 80–81.

[4]The Court does not hold that renal disease, even in its late stages, or stroke alone and in all circumstances constitute serious physical or medical conditions under U.S.S.G. § 1B1.13 n.1(A)(ii)(I).  Instead, the Court's findings are unique to Mapuatuli's combination of medical conditions.

While it appears MCFP Springfield,[5] where Mapuatuli is housed, is a facility capable of providing adequate care for Mapuatuli's end stage renal disease, the stroke he recently suffered has certainly "substantially diminishe[d his] ability . . . to provide self-care within the environment of a correctional facility." *See* U.S.S.G. § 1B1.13 n.1(A)(ii). As his medical records make clear, Mapuatuli is, at this time, "unable to move the left side of his body." Dkt. No. 389-1 at 92; *see also id.* at 71 ("left arm/leg flaccid"). This, alone, is sufficient to meet this prong of the analysis. It is not hard to imagine that basic aspects of self-care, such as dressing oneself, bathing, using the bathroom, and moving about the correctional facility to engage in these activities, are substantially affected by his left-side paralysis. And tending to his own varied medical ailments and treatment protocols—an aspect of self-care—is, undoubtedly, affected by his paralysis. *See United States v. Lindell*, Criminal No. 13-CR-00512-DKW-1, 2021 WL 420059, at *5–6 (D. Haw. Feb. 5, 2021) (explaining that a "fundamental example of self-care" is the ability to "attend[] to one's own health").[6]

---

[5]MCFP Springfield "is a major medical and psychiatric referral center for male inmates. All specialty areas of medicine are available at []MCFP Springfield, through in-house staff and community-based consultant specialists." *Legal Resource Guide to the Federal Bureau of Prisons*, BOP at 26 (2014), https://www.bop.gov/resources/pdfs/legal_guide.pdf (last visited Feb. 8, 2021).

[6]The record indicates that Mapuatuli's basic health care and other needs will be sufficiently tended to upon release. Mapuatuli's release plan demonstrates that he will live with and near family members, several of whom are trained, health care professionals, with a specific plan for providing such care. Dkt. No. 374 at 7–9.

Finally, Mapuatuli's prospects of recovering use of the left side of his body are uncertain, and he is not expected to recover from end-stage renal disease. Absent a transplant, Mapuatuli will require dialysis treatments for the rest of, what will ultimately be, his shortened life. That is because "[k]idney damage, once it occurs, can't be reversed."[7] And his kidney function will continue to deteriorate because, while it may be possible to slow the progress of the disease, there is no way to arrest or reverse it.[8] Again, this condition may be manageable while incarcerated through dialysis. But more troubling to the Court is the Government's candid acknowledgment that it "cannot say with any certainty what Mapuatuli's prognosis for recovery from the effects of his recent stroke" will be.

The Court finds that, because Mapuatuli has multiple, serious physical or medical conditions that substantially diminish his ability to provide self-care while incarcerated, including at least one from which he is not expected to recover, he has met his burden of showing an extraordinary and compelling reason warranting a sentence reduction.

---

[7]*End-Stage Renal Disease*, Mayo Clinic, (last updated Aug. 17, 2019), https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/symptoms-causes/syc-20354532 (last visited Feb. 8, 2021).

[8]*End-Stage Renal Disease*, Mayo Clinic, (last updated Aug. 17, 2019), https://www.mayoclinic.org/diseases-conditions/end-stage-renal-disease/symptoms-causes/syc-20354532 (last visited Feb. 8, 2021).

### III. Section 3553(a) Factors & Risk of Danger to the Community

Mapuatuli has demonstrated an extraordinary and compelling reason warranting a sentence reduction. But the analysis does not end there. The Court must consider any such reduction in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and determine whether Mapuatuli is "a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.

As a result of Mapuatuli's deteriorating physical condition, the sentencing analysis has changed. The Government agrees: "[t]he totality of relevant considerations under 18 U.S.C. § 3582(a), including an assessment of Mapuatuli's risk of dangerousness in light of his deteriorating physical state, do not weigh against granting compassionate release." Dkt. No. 382 at 3. It is true that Mapuatuli presented significant health issues even at sentencing. Dkt. No. 356 at 21–22. However, at that time, an MCFP Springfield representative "indicated that [Mapuatuli] walk[ed] independently and [did] not need any assistance with daily living activities." *Id.* at 21. Particularly in light of his left-side paralysis as a result of a recent stroke, that no longer is the case.

In light of the deleterious changes to Mapuatuli's health, the Court has re-considered all of the Section 3553(a) factors and determined that, on balance, granting his prompt release does not undermine the goals of sentencing. In

particular, the Court must consider the sentence imposed alongside its responsibility "to provide the defendant with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Given the details of Mapuatuli's release plan—where he is expected to have around-the-clock care of family members skilled in providing in-home care—the Court concludes he will receive medical care in the most effective manner if released. Finally, considering the current state of Mapuatuli's physical health, the Court finds that Mapuatuli presents little, if any, danger to any person or the community. *See* 18 U.S.C. §3142(g); Dkt. No. 382 at 3 (Government concurring).

## **CONCLUSION**

For the reasons set forth herein, Mapuatuli's motion for compassionate release, Dkt. No. 374, is GRANTED. Mapuatuli's sentence is reduced to time served plus 14 days; thereafter, the BOP is instructed to release Mapuatuli as soon as practicable. Mapuatuli is thereafter ORDERED to immediately begin serving his previously ordered ten-year term of supervised release. Mapuatuli's release is also subject to the following:

1. Within 72 hours of release from custody, Mapuatuli must contact the United States Probation Office for the District of Hawai'i by telephone at (808) 541-1283. The United States Probation Office for the District of Hawai'i will be contacting the United States Probation Office for

the Central District of California concerning supervision of Mapuatuli;

2. Counsel are instructed to contact Probation immediately regarding the terms of this Order and Mapuatuli's release and may propose additional or modified supervised release conditions, as appropriate; and

3. If Mapuatuli returns to Hawaii, rather than California or another Court-approved destination, for supervised release, he must comply with the 10-day self-quarantine or other mandates required by State law.

IT IS SO ORDERED.

DATED: February 9, 2021 at Honolulu, Hawaiʻi.[9]



Derrick K. Watson
United States District Judge

---

*United States v. Alan L. Mapuatuli*, Criminal No. 12-01301-DKW-1, **ORDER GRANTING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

[9]To the extent this order differs from Dkt. No. 391, this order controls and supersedes the prior order granting Mapuatuli's compassionate release motion.